FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

2016 MAR 17 PM 2:47

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

**JACKEE VOORHEES-WILSON,**

**Plaintiff,**

**CASE NO.:** 5:16-cv-145-Oc-30PRL

**vs.**

**SECOND CHANCE JAI-ALAI, LLC,**
**a Florida Limited Liability Company,**

**Defendant.**

____________________________________ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JACKEE VOORHEES-WILSON ("VOORHEES-WILSON" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, SECOND CHANCE JAI-ALAI, LLC, a Florida limited liability company ("SCJA" or "Defendant") and alleges the following:

1. Plaintiff brings these claims based on Defendant's violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*., and seeks back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, front pay, compensatory damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

## VENUE

3. Venue is proper because Defendant conducts substantial business in Marion County, Florida, and Plaintiff worked for Defendant in Marion County, Florida, where the

actions at issue took place.

## PARTIES

4. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Marion County, Florida.

5. From April 23, 2013, until the present, Plaintiff has worked for Defendant as a pari-mutuel teller in Orange Lake, Florida.

6. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

7. At all times relevant hereto, Plaintiff worked at a location where the Defendant employed 50 or more employees within 75 miles.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## GENERAL ALLEGATIONS

9. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, *et seq.*, because Defendant interfered with and/or retaliated against Plaintiff.

10. On July 9, 2015, Plaintiff's son tragically committed suicide, and she found his lifeless form hanging from a tree.

11. The following week happened to be Plaintiff's vacation week. Plaintiff informed her SCJA supervisor, Iris Fortney, about her son's death.

12. Ms. Fortney told Plaintiff that she was sorry for her loss, but shortly thereafter lamented to Plaintiff, "three people are leaving at the same time, and I will have no help."

13. Plaintiff returned to work on July 23, 2015. At that time, Plaintiff averaged between 25 and 35 hours per week at work.

14. On August 19, 2015, Plaintiff arrived at work with red, swollen eyes from crying and grieving for her deceased son. She informed Ms. Fortney that she was suffering severe mental depression and anxiety on account of her son's suicide.

15. In response, Ms. Fortney told Plaintiff, "stop the 'poor me' and move on."

16. Ms. Fortney did not inform Plaintiff of her rights under the FMLA, or of the availability of FMLA leave for her own serious chronic health condition.

17. Plaintiff responded that Ms. Fortney was heartless and that she could move on. Plaintiff then set to work for the day.

18. A few months later, Plaintiff approached Defendant's general manager, Brian Matthews, and informed him that she was still suffering ongoing serious mental depression and anxiety due to her son's death. Plaintiff requested two (2) days off so that she could seek therapy.

19. Mr. Matthews conferred with Ms. Fortney and then informed Plaintiff that she could have two (2) days off but that she "needed to get help."

20. Mr. Matthews did not inform Plaintiff of her rights under the FMLA, or of the availability of FMLA leave for her own serious chronic health condition.

21. Plaintiff began treating with a therapist each week, and continues to treat with a therapist on a bi-weekly basis.

22. After she began treating with a therapist, SCJA reduced Plaintiff's hours

to between 15 and 17 per week.

23. Plaintiff asked Ms. Fortney why her hours had been cut. In response, Ms. Fortney stated, "that's all I could do for you."

24. The week of December 23, 2015. Plaintiff was only scheduled for 5 hours of work.

25. Currently, Plaintiff only gets hours if no one else is available.

## COUNT I:

## FMLA INTERFERENCE/RETALIATION

26. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1-25, *supra*, as if fully set forth in this Count.

27. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff, because Plaintiff attempted to exercise her right to take leave from work under the FMLA.

28. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff in violation of the FMLA.

29. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

30. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

31. Defendant interfered with and retaliated against Plaintiff for exercising her right(s) under the FMLA, because Defendant failed to inform Plaintiff of her rights under the FMLA, because Defendant failed to inform Plaintiff of the availability of FMLA leave to address her serious chronic health condition, and because Defendant drastically curtailed Plaintiff's hours in retaliation for her notification that she needed to take two (2)

days off to address her ongoing serious chronic health condition, and needed to commence therapy related to her serious chronic health condition.

32. At all times relevant hereto, Defendant acted with the intent to discriminate against Plaintiff, because Plaintiff exercised or attempted to exercise her right to leave pursuant to the FMLA.

33. As a result of Defendant's intentional, willful and unlawful acts by discriminating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate. Plaintiff demands trial by jury on all issues so triable.

Dated this 24th day of February, 2016.

Respectfully submitted,

By________________________

Richard Celler, Esquire
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com

*Counsel for Plaintiff*